NOT DESIGNATED FOR PUBLICATION

No. 121,795

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADDIE MICHELLE CRENSHAW,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed November 25, 2020. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

PER CURIAM: Addie Michelle Crenshaw appeals her probation revocation and the district court's order to serve her underlying 43-month prison sentence. After reviewing the record, we find the district court did not abuse its discretion. Thus, we affirm.

*Factual and Procedural Background*

Between 2016 and 2017, Crenshaw pleaded to five cases. In Case 1 (16 CR 348), Crenshaw pleaded no contest to possession of methamphetamine. In November 2016, the district court sentenced her to a 13-month prison term but granted her probation for 18

1

months. Later, in Case 2 (16 CR 758), she pleaded guilty to aggravated failure to appear. In Case 3 (16 CR 1090), she pleaded guilty to possession of methamphetamine. And in Case 4 (16 CR 1092), she pleaded no contest to burglary of a motor vehicle. Ultimately, in January 2017, the district court sentenced her to a total of 30 months in prison on Cases 2-4 but granted her probation for 18 months. The district court's sentence also factored in Case 1, requiring her to serve the sentences in Cases 2-4 after she completed her 13 months in Case 1—for a total of 43 months.

In June 2017, the State moved to revoke Crenshaw's probation in Cases 1-4, alleging she failed to report, failed to provide her address, failed to refrain from drug activity, and disregarded treatment and counseling. A month later, the State charged Crenshaw with misdemeanor interference with a law enforcement officer, to which she pleaded no contest in Case 5 (17 CR 692). Again, the court granted her probation. On the same date, the district court extended Crenshaw's probation 18 months in her previous cases and ordered her to serve a 3-day jail sanction. And in August 2017 the district court sentenced her to 30 days in jail but granted her probation for 12 months.

In May 2018, the district court found that Crenshaw had violated her probation by failing to report, engaging in drug activity, failing to submit to a drug test, skirting drug court, and disregarding treatment and counseling. The district court ordered a 180-day sanction and extended her probation another 18 months.

In August 2019, the district court found that Crenshaw had violated her probation again by failing to report, engaging in drug activity, failing to submit to a drug test, and disregarding treatment and counseling. The district court revoked her probation and ordered her to serve her underlying sentence, ruling:

"Ms. Crenshaw, as you know, you are on probation in five different cases, and you have been given multiple opportunities to address your drug issue. And the Court is

2

going to find that you are not amenable to probation. You've not been reporting to your officer, you have failed to show up for Drug Court, you continue to test positive, and you failed to complete the drug and alcohol treatment program that was provided to you.

"And the Court is going to order in these cases that your probation be revoked. And you will be remanded to serve the sentence, the original sentences that I, that you were sentenced to. I'm going to deny the request for a *McGill* modification.

". . . She certainly can undergo that treatment program once she serves her sentences."

Crenshaw timely appeals.

*Analysis*

Crenshaw argues the district court abused its discretion by revoking her probation and ordering her to serve her underlying sentence rather than reinstating her probation. Crenshaw contends that because she "committed only technical violations" and needed long-term substance abuse treatment, the district court unreasonably revoked her probation. Citing several academic articles, she argues that incarceration would not deter her drug use and that imprisonment should be reserved only for violent offenders.

Generally, once a defendant violates the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A district court abuses its discretion when its action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). On appeal, the party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

K.S.A. 22-3716, prior to the 2109 amendments, governs the procedure for revoking a defendant's probation in this case. Under this controlling statute, a district

court may revoke a defendant's probation if the district court has already imposed a 120 or 180-day jail sanction. K.S.A. 2016 Supp. 22-3716(c)(1)(E). See *State v. Dominguez*, No. 121,618, 2020 WL 5079777, at *3-5 (Kan. App. 2020) (unpublished opinion) (stating 2019 amendment to the intermediate sanctioning scheme at K.S.A. 22-3716 does not apply retroactively to probation violators whose crimes were committed before the effective date of the amendment). The district court did so here, thus it had the discretion to revoke Crenshaw's probation.

After reviewing the record, we find that the district court's decision to revoke Crenshaw's probation was neither arbitrary, fanciful, or unreasonable nor based on an error of fact or law. Before revocation, the district court had given her multiple opportunities to avoid prison and to mitigate her drug abuse. It graciously did not revoke her probation after she had committed a new crime in July 2017. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). Instead, the district court imposed sanctions: a 3-day jail term and a 180-day jail term. Yet Crenshaw still used drugs, neglected the treatment the district court had provided, and failed to report to her probation officer. Probation was not working for her.

Although we appreciate Crenshaw's academic research on the probation's relationship to drug abuse, the issue whether imprisonment should be reserved only for violent offenders is an issue of public policy that the Legislature is best equipped to determine. Our standard of review is to determine whether the district court abused its discretion, under the applicable law, in Crenshaw's case. And we conclude that the district court reasonably determined that probation was not working for Crenshaw. The district court also did not commit an error of law or fact. Because the district court did not abuse its discretion, we affirm.